**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

—————————————————————X
                                     :

PAMELA MILLER, on behalf of herself and all  :
others similarly situated,                     :
                                     :
              Plaintiff,        :  Civil Action No.
                                     :
vs.                                   :  **CLASS ACTION COMPLAINT AND**
                                   :  **JURY TRIAL DEMAND**
I.C. SYSTEM, INC. aka IC SYSTEM,     :
                                     :
              Defendant.      :
                                     :
                                     :
—————————————————— X

Plaintiff PAMELA MILLER, on behalf of herself and all others similarly situated (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the above-named Defendant I.C. SYSTEM aka IC SYSTEM, and its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.    Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.    As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.    Plaintiff demands a jury trial on all issues.

## PARTIES

6.    The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.    Plaintiff is a natural person and resident of Somerset County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.    Based upon information and belief, Defendant I.C. SYSTEM aka IC SYSTEM ("IC SYSTEM" or "Defendant") is a Minnesota corporation with its principle place of business located at 99 Hwy 96 E, Vadnais Heights, MN  55127.

9.    Defendant is a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, defaulted consumer debts.  Defendant operates a defaulted debt collection business, and attempts to collect debts from consumers, including consumers in the State of New Jersey via collection letters, phone calls, credit reports and lawsuits. In fact, Defendant was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

## CLASS ACTION ALLEGATIONS

10.    Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.    This Action is properly maintained as a class action.

**Class 1 consists of:**

• All New Jersey consumers who were sent letters and/or notices from Defendant concerning a debt in which Uncle Bobs Self Storage was listed as the original creditor and the collection letter included a collection

3

charge.

**Class 2 consists of:**

    • All New Jersey consumers who were sent an initial communication by or on behalf of Defendant concerning a debt in which Uncle Bob's Self Storage was the original creditor, but failed to identify the current creditor as Life Storage, Inc.

**Class 3 consists of:**

    • All New Jersey consumers who were sent letters and/or notices from Defendant concerning a debt in which the collection letter included a collection charge that was in excess of what Defendant was entitled to collect.

**Class 4 consists of:**

    • All New Jersey consumers who were sent a letter by or on behalf of Defendant which included language indicating that "account information is scheduled to be reported to the national credit reporting agencies in your creditor's name", but such account information was not in fact submitted to all the national credit reporting agencies.

**Class 5 consists of:**

    • All New Jersey consumers who were sent an initial collection letter by or on behalf of Defendant which lists the creditor as Uncle Bobs Self Storage.

• The Class period begins one year prior to the filing of this Action.

12.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

• Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

• There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

a.  Whether Defendant violated various provisions of the FDCPA.

b.  Whether the Defendant was seeking to collect on a time-barred debt;

c.  Whether Plaintiff and the Class have been injured by the Defendant's conduct;

d.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's

5

wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will

continue to suffer losses of statutory protected rights as well as

monetary damages.  If the Defendant's conduct is allowed to proceed

without remedy it will continue to reap and retain the proceeds of its

ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire

    Class, thereby making appropriate final injunctive relief or

    corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

13.     Plaintiff was at all times with respect to this lawsuit a "consumer" as that

term is defined by 15 U.S.C. §1692a(3).

14.     On or before September 6, 2017, Plaintiff allegedly incurred a debt ("the

Debt") which was owed to Life Storage, Inc.  ("Life Storage").

15.     The Debt arose out of a transaction in which money, property, insurance

or services were the subject of the transaction, and were primarily for personal, family or

household purposes.  Specifically, the Debt was incurred with respect to the rental of a

personal storage unit.  As such, the Debt is a consumer debt within the meaning of the

FDCPA statute.

16.     The Debt obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

17.     At some point in time prior to September 6, 2017, the Debt was assigned

transferred, sold or assigned to directly or through one or more intermediaries from Life

Storage to Defendant.

18.    At the time the Debt was assigned, transferred, sold or assigned to Defendant, the Debt was already in default.

19.    On or about September 6, 2017, Defendant sent Plaintiff a collection letter ("the Collection Letter") seeking to collect from Plaintiff a balance in the amount of $408.11, including a collection charge due of $98.93.  A copy of the Collection Letter is attached as Exhibit A.

20.    The Collection Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

21.    Upon receipt, Plaintiff read the Collection Letter.

22.    At the time that Defendant sent the Collection letter, Defendant was not entitled to charge a collection charge of $98.93 or the collection charge was an amount in excess of what Defendant was entitled to collect.

23.    Additionally, the collection letter failed to identify the current creditor as Life Storage, and ambiguously listed the Creditor as "0728 Uncle Bobs Self Storage" without identifying whether this was the original or current creditor.

24.    Neither the current or original creditor for the account identified in the Collection Letter was  "0728 Uncle Bobs Self Storage."

25.    The Collection Letter failed to identify Live Storage as the Current Creditor.

26.    Based upon information and belief, Defendant did not report Plaintiff's account information to the national credit reporting agencies.

27.    Plaintiff suffered injury in fact by being subjected to the unfair and

abusive practices of Defendant.

28.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

29.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

30.     Defendant violated Plaintiff's right to a trustful and fair debt collection process.

31.     Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding the expiration of the statute of limitations.

32.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

33.     Defendant's collection letter which provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

34.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

35.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff

of his or her right to enjoy these benefits.

36.    As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

37.    Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

38.    The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

39.    Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter.

40.    The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

41.    It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

  (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

  (b)    By making false representations of the character or legal status of a debt; and

  (c)    Using unfair or unconscionable means to collect or attempt to collect any debt.

42.     On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT ONE

### (Fair Debt Collection Practices Act Violation)

43.     Plaintiff repeats the allegations contained in paragraphs 1 through 42 as if the same were set forth at length.

44.     Defendant violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications sent to Plaintiff.

45.     Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff.

46.     Defendant violated 15 U.S.C. § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with an attempt to collect a debt from Plaintiff.

47.     Defendant violated 15 U.S.C. 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of a debt.

48.     Defendant violated 15 U.S.C. 1692e(2)(B) of the FDCPA by falsely representing any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

49.     Defendant violated 15 U.S.C. 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

50.     Defendant violated 15 U.S.C. § 1692e(10) of the FDCPA by using false representation or deceptive means to collect or attempt to collect a debt from Plaintiff.

51.     Defendant violated 15 U.S.C. §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt.

52.     Defendant violated 15 U.S.C. §1692f(1) of the FDCPA by collecting or attempting to collect an amount that was not permitted by law.

53.     Defendant violated 15 U.S.C. §1692g by failing to identify the original and/or current creditor.

54.     Defendant violated 15 U.S.C. §1692g(a)(1) by failing to accurately identify the amount of the debt allegedly owed.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  September 6, 2018                          Respectfully submitted,


                                                   By: s/ Lawrence C. Hersh

12

Lawrence C. Hersh, Esq.
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others
similarly situated*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.

Dated:  September 6, 2018                    By: s/ Lawrence C. Hersh
                                             Lawrence C. Hersh, Esq.

13

EXHIBIT A

**ICSystem**

P.O. Box 64437
St. Paul, MN  55164-0437

Electronic Service Requested

September 6, 2017

444 Highway 96 East, PO Box 64378
St. Paul, MN 55164-0378
https://pay.icsystem.com
Toll-Free No: 800-279-9525

**ACCOUNT SUMMARY**

Creditor: 0728 Uncle Bobs Self Storage
Account No: 231
I.C. System Reference No: ███596-1-19

| | |
|---|---|
| Principal Due: | $309.18 |
| Collection Charge Due: | $98.93 |
| **BALANCE DUE:** | **$408.11** |

$0.00 has been Paid Since Placement

Pamela Miller
21 Kassul Pl
Somerset, NJ  08873-2611

Pamela Miller:

Your delinquent account has been turned over to this collection agency.

The account information is scheduled to be reported to the national credit reporting agencies in your creditor's name.  You have the right to inspect your credit file in accordance with federal law.  I.C. System will not submit the account information to the national credit reporting agencies until the expiration of the time period described in the notice below.

Please tear off the bottom portion of this letter and return it with your payment.

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

NOTICE

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid.  If you notify us in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you make a request in writing within 30 days after receiving this notice we will provide you with the name and address of the original creditor, if different from the current creditor.

This does not contain a complete list of the rights consumers have under Federal, State, or Local laws.

0510 - System - 086473589 - 1SC - ICSystem.WFD - 811603 - 00000255 - 0510 1SC 1 of 1

**PAYMENT OPTIONS**

➤ Billing Phone Number: _____
➤ E-Mail Address: